UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X
WAYNE ELLIOT,

                     Plaintiff,                                **COMPLAINT**

       -against-                                       **07 CV 10701(GBD)**

                                                               **JURY TRIAL DEMANDED**

                                                               **ECF CASE**

THE CITY OF NEW YORK, P.O. BRENDAN NOLAN, Shield
No. 1920 Individually and in his Official Capacity, and P.O.s "JOHN
DOE" #1-10, Individually and in their Official Capacities, (the name
"John Doe" being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------------------------X

       Plaintiff WAYNE ELLIOT, by his attorney, JON L. NORINSBERG, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

       1.       Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.  Plaintiff is also asserting supplemental state law tort claims.

## JURISDICTION

       2.       This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.       Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff WAYNE ELLIOT is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. BRENDAN NOLAN, Shield No. 1920 and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On October 11, 2006, at approximately 12:30 a.m., plaintiff WAYNE ELLIOT locked himself out of his apartment at 2825 Grand Concourse, in the County of the Bronx, in the City and State of New York.

14. While waiting for his girlfriend to return home, plaintiff WAYNE ELLIOT fell asleep in front of the door apartment 4"H", which was the apartment where he lawfully resided.

15. At the aforesaid time and place, plaintiff WAYNE ELLIOT was suddenly awakened by several members of the New York City Police Department.

16. One of the officers, defendant P.O. BRENDAN NOLAN, forcibly removed a hat from plaintiff WAYNE ELLIOT's head.

17. Thereafter, several other officers conducted an unlawful search of plaintiff WAYNE ELLIOT, looking through his inner pockets and clothing for drugs and/or contraband.

18. The officers did not recover any drugs or contraband from plaintiff WAYNE ELLIOT.

19. Thereafter, several of the officers began to interrogate plaintiff WAYNE ELLIOT.

20. Plaintiff WAYNE ELLIOT repeatedly told the officers that he lived inside Apartment 4 "H", that he had accidently locked himself out while taking out the garbage, and that

he was awaiting the arrival of his girlfriend to let him back into the apartment.

21. The officers refused to believe plaintiff WAYNE ELLIOT, and instead, began to shine a flashlight directly into his eyes.

22. Plaintiff WAYNE ELLIOT objected to this and told the officers to stop pointing the flashlight in his face.

23. Upon hearing this, defendant P.O. BRENDAN NOLAN, said to the other officers, "Okay, that's all we need."

24. Thereafter, defendant P.O. BRENDAN NOLAN forcibly grabbed plaintiff WAYNE ELLIOT and threw him against the wall.

25. P.O. BRENDAN NOLAN then began to repeatedly bang plaintiff WAYNE ELLIOT'S head into the wall.

26. Thereafter, P.O. BRENDAN NOLAN placed plaintiff WAYNE ELLIOT into handcuffs and proceeded to drag him down the stairs of the building.

27. Upon reaching the squad car outside, SGT. "JOHN DOE" asked P.O. BRENDAN NOLAN "What did you get him for?"

28. P.O. BRENDAN NOLAN responded by saying that "He claims he lives here."

29. Thereafter, the officers conferred amongst themselves, and then SGT. "JOHN DOE" said to P.O. BRENDAN NOLAN "Charge him with assaulting a police officer."

30. On the way to the precinct, P.O. BRENDAN NOLAN deliberately began speeding up and then stopping short, causing plaintiff WAYNE ELLIOT to strike his head and body against the inside of the police vehicle.

32. Plaintiff WAYNE ELLIOT loudly objected to P.O. BRENDAN NOLAN's manner of driving, but P.O. BRENDAN NOLAN continued to drive the police vehicle in the same manner.

33. Upon arrival at the police precinct, P.O. BRENDAN NOLAN opened the back door of the vehicle, pulled plaintiff WAYNE ELLIOT out of the vehicle, and then punched him in his jaw, cracking one of plaintiff's teeth.

34. Thereafter, P.O. BRENDAN NOLAN threw plaintiff WAYNE ELLIOT onto the ground, put his knee in plaintiff's chest, and yelled to him "Do you want some more, motherfucker?!"

35. P.O. "JOHN DOE", who was the partner of P.O. BRENDAN NOLAN, witnessed this unlawful assault, but failed to intercede.

36. Once inside the station house, P.O. BRENDAN NOLAN announced, in a very loud voice, "You tried to bite me, asshole!"

37. In so doing, P.O. BRENDAN NOLAN was attempting to justify his unlawful use of force against plaintiff WAYNE ELLIOT, who had visible facial injuries.

38. As a result of his unlawful arrest, plaintiff WAYNE ELLIOT spent 24 hours in police custody.

39. In connection with this unlawful arrest, defendants filled out false and misleading police reports, and forwarded these to prosecutors in the Bronx County District Attorney's Office.

40. Thereafter, plaintiff WAYNE ELLIOT was required to make multiple court appearances to defend himself against the baseless charges which defendants had filed against him.

41. Notwithstanding the unlawful conduct of defendants, all charges against plaintiff WAYNE ELLIOT were dismissed.

42. In connection with this incident, plaintiff WAYNE ELLIOT filed a complaint with the Internal Affairs Bureau of the New York City Police Department, Case # C06-0638.

43. After fully investigating the above incident, the Internal Affairs Bureau concluded that the "investigation revealed that the allegation(s) made against a member(s) of this Department is PARTIALLY SUBSTANTIATED".  See Exhibit A, annexed hereto.

44. As a result of defendants' unlawful actions, plaintiff WAYNE ELLIOT suffered injuries to head, face and body, as well as severe emotional distress, loss of liberty, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

47. All of the aforementioned acts deprived plaintiff WAYNE ELLIOT of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

48. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

51. The acts complained of deprived plaintiff WAYNE ELLIOT of his rights:

   A. Not to be deprived of liberty without due process of law;

   B. To be free from seizure and arrest not based upon probable cause;

   C. To be free from unwarranted and malicious criminal prosecution;

   D. Not to have excessive force imposed upon him;

   E. Not to have summary punishment imposed upon him; and

   F. To receive equal protection under the law.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. §1983

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff WAYNE ELLIOT's constitutional rights.

54. As a result of defendants' unlawful actions, plaintiff WAYNE ELLIOT suffered injuries to head, face and body, as well as severe emotional distress, loss of liberty, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. As a result of defendants' aforementioned conduct, plaintiff WAYNE ELLIOT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in

criminal proceedings, without any probable cause, privilege or consent.

57. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C.§ 1983

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants strip-searched plaintiff WAYNE ELLIOT in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

60. As a result of the foregoing, plaintiff WAYNE ELLIOT was subjected to an illegal and improper strip-search.

61. The foregoing unlawful cavity search and strip-search violated plaintiff WAYNE ELLIOT's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants misrepresented and falsified evidence before the District Attorney.

64. Defendants did not make a complete and full statement of facts to the District Attorney.

65. Defendants withheld exculpatory evidence from the District Attorney.

66. Defendants misrepresented and falsified evidence before the Grand Jury.

67. Defendants did not make a complete and full statement of facts to the Grand Jury.

68. Defendants withheld exculpatory evidence from the Grand Jury.

69. Defendants were directly and actively involved in the initiation of criminal proceedings against Mr. Elliot.

70. Defendants lacked probable cause to initiate criminal proceedings against Mr. Elliot.

71. Defendants acted with malice in initiating criminal proceedings against Mr. Elliot.

72. Defendants were directly and actively involved in the continuation of criminal proceedings against Mr. Elliot.

73. Defendants lacked probable cause to continue criminal proceedings against Mr. Elliot.

74. Defendants acted with malice in continuing criminal proceedings against Mr. Elliot.

75. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

76. Notwithstanding the unlawful conduct of defendants, all charges against plaintiff WAYNE ELLIOT were dismissed.

77. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## SIXTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C.§ 1983

78. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendants i1ssued legal process to place plaintiff WAYNE ELLIOT under arrest.

80. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

81. Defendants acted with intent to do harm to plaintiff WAYNE ELLIOT, without excuse or justification.

82. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SEVENTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

83. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "82" as if the same were more fully set forth at length herein.

84. Defendant created false evidence against plaintiff WAYNE ELLIOT.

85. Defendant forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's office.

86. In creating false evidence against plaintiff WAYNE ELLIOT, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendant violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

87. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## EIGHTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

88. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "87" as if the same were more fully set forth at length herein.

89. Defendants arrested and incarcerated Mr. Elliot in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

90. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

91. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

92. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) fabricating evidence against innocent persons erroneously arrested;

   b) employing excessive force against African American males;

   c) utilizing excessive force without first conducting a reasonable inquiry.

93. The existence fo the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

   • **Julius Ellison v. City of New York,** United States District Court, Eastern District of New York, 06 CV 215;

- **Lewis Nixon v. City of New York**, United States District Court, Southern District of New York, 04 CV 05884;

- **Joseph Pizarro v. City of New York,** United States District Court, Southern District of New York, 07 CV 9520;

- **Leroy Privott v. City of New York, et al,** United States District Court, Eastern District of New York, 05 CV 3445.

94.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff WAYNE ELLIOT.

95.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by WAYNE ELLIOT as alleged herein.

96.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff WAYNE ELLIOT as alleged herein.

97.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff WAYNE ELLIOT was incarcerated unlawfully for 6 days.

98.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff WAYNE ELLIOT.

99.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff WAYNE ELLIOT's constitutional rights.

100.    All of the foregoing acts by defendants deprived plaintiff WAYNE ELLIOT of federally protected rights, including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from seizure and arrest not based upon probable cause;

      C.      To be free from unwarranted and malicious criminal prosecution;

      D.      Not to have cruel and unusual punishment imposed upon him; and

      E.      To receive equal protection under the law.

101.  As a result of the foregoing, plaintiff WAYNE ELLIOT is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff WAYNE ELLIOT demands judgment in the sum of one million dollars ($1,000,000) in compensatory damages, two million dollars ($2,000,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       November 29, 2007

                                                                                   /S
                                                   JON L. NORINSBERG (JN-2133)
                                                   Attorney for Plaintiff
                                                   225 Broadway, Suite 2700
                                                 New York, N.Y. 10007
                                                 (212) 791-5396

# EXHIBIT A



**The City of New York**

POLICE DEPARTMENT

NEW YORK, N.Y. 10038
Bronx Internal Affairs Bureau
955 Hutchinson River Parkway
Bronx, N.Y. 10465

Reference
Case #C06-0638

January 31, 2007

Dear Mr. Elliot,

Your complaint made to this bureau on 08/07/06, Log #06-25370, that related to an allegation(s) that occurred in 2006, involving members of the New York City Police Department was investigated by this unit.

Pertinent records were reviewed, necessary interviews and conferrals were held, and a full investigation into your allegation(s) was conducted.

__ Investigation failed to provide sufficient evidence to clearly prove or disprove the allegation(s) complained of and the case disposition is **UNSUBSTANTIATED**.

__ Investigation proved that the allegation(s) made did not occur or were not committed by a member(s) of this Department and the case disposition is **UNFOUNDED**.

__ Investigation proved that the actions taken by the member(s) of this Department were lawful and proper and the case disposition is **EXONERATED**.

 XX  Investigation revealed that the allegation(s) made against a member(s) of this Department is  XX   **PARTIALLY SUBSTANTIATED**    __ **SUBSTANTIATED**.

Complaints of misconduct and corruption are of a great and immediate concern to this Department. Your interest in this matter and reporting of this incident is greatly appreciated.

If you have any further questions concerning this investigation, you may contact this office at (718) 828-2020.

Sincerely,

Kevin Deane
Sergeant

PRIDE • COMMITMENT • RESPECT